Radcliff, J.,
(a) concurred, observing, however, that, according to the English practice,, he took the' rule to be, that, where evidence material to the' plaintiff’s action arises in different counties, the plaintiff has a right to elect the county in which to lay his venue, and to keep it there; that the rule is the same, whether the evidence consist of matters in puis in each county, or of record in one, and in pais in another. Pursuing that' practice, the plaintiffs would be entitled to retain the venue in New-York. But he thought this a question in which we had a right to prescribe a rule for ourselves. Applications to change the venue must, in general, rest in the discretion(b) of the court, and be regu lated by the circumstances of the case.
Motion denied.

 To facilitate the ends of justice is the principle on which courts, ¡a transitory actions, change the venue. Therefore, if the cause of action wholly arise, or the defendant’s witnesses reside, in another county, (Allen v. Brace, post, 107. Low v. Hallett, 2 Caines, 374. Metcalf v. Clark and Watkins, 5 Johns. Rep. 361. Foster v. Taylor, 1 D. & E. 781. Holmes v. Wainwright, 3 East, 329,) the venue will be changed. Though it is said that the defendant must also stipulate to give evidence of some material fact happening in the county to which he moves to carry the suit. • Gowley v. Shoemaker, 1 Johns. Cas. 392. When, therefore, the defendant’s witnesses reside in a county adjoining, or near to that in which the venue is laid, it will not be changed. Mumford v. Camaan, 3 Caines’ Rep. 139. Gerard v. Floyd, 1 Sid. 185. And as the power which the court exercises over venues is the result of its equitable jurisdiction, when the plaintiff offers to bear the expense of conveying the defendant’s witnesses to' the place of trial, (Worthy v. Gilbert, 4 Johns. Rep. 492,) or his witnesses reside where the venue is laid. Dm Boys v. Fronk, 3 Caines’ Rep. 95. Manning v. Downing, 2 Johns. Rep 453. Stoutenbergh v. Legge and others, 2 Johns. Rep. 481,) or in a thin ■ county, (Spencer v. Hulbert, 2 Caines’ Rep. 374. Clark v. Feed, cited 1 l East, 33. S. C. 1 N. R. 310,) or the plaintiff show the defendant’s affidavit to be untrue, from the cause of action arising in more counties Jinn one, and will undertake to give ni aterial evidence in one or the other, (Hunt v. Bridg *7 ford, 1 Taun. 259,) the venue will not be changed. See Woods v. Van Ranken, post, 122.
The New York Code of Procedure (secs. 123-6) provides: Actions for the following causes, must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial, in the cases provided by statute:
1. For the recovery of real property or of an estate or interest therein, or for the determination, in any form, of such right or interest, and for injuries to real property:
2. For the partition of real property:
3. For the foreclosure of a mortgage of real property:
4. For the recovery of personal property, distrained for any cause.
Actions for the following causes, must be tried in the county where the cause or some part thereof arose, subject to the like power of the court, to change the place of trial in the cases provided by statute:
1. For the recovery of a penalty or forfeiture imposed by statute; except, that when it is imposed for an offence committed on a lake, river, or other stream of water situated in two or more counties, the action maybe brought, in any county bordering on such lake, river or stream, and opposite to the place where the offence was committed:
2. Against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a. person, who by liis command or in his aid, shall do anything touching the duties of such officer.
In all other cases, the action shall be tried in the county in which the parties or any of them shall reside at the commencement of the action; or if none of the parties shall reside in the state, the same may be tried in any county which the plaintiff shall designate in his complaint; subject, however, to the power of the court to change the place of trial, in the cases provided by statute.
If the county designated for that purpose in the complaint, be not the proper county, the action may, notwithstanding, be tried therein, unless the deferida! t, before the time for answering expire, demand, in writing, that the *8 trial be had in the proper county, and the place of trial be thereupon changed by consent of parties, or by order of the court, as is provided in this section.
The court may change the place of trial in the following cases:
1. When the county designated for that purpose in the complaint is not the proper county:
2. When there is reason to believe that an impartial trial cannot be had therein:
3. When the convenience of witnesses and the ends of justice would be promoted by the change.
When the place of trial is changed, all other proceedipgs shall be had in the county to which the place of trial is changed, unless otherwise provided by the consent of the parties, in writing duly filed, or order of the court, and the papers shall be filed or transferred accordingly.